**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10636 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00474-WBS |
| v. | |
| BEHROOZ BADIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 8, 2014[**]
San Francisco, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, Chief District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

Defendant-Appellant Behrooz Badie appeals the district court's entry of judgment and imposition of sentence. We have jurisdiction under 18 U.S.C. § 1291, and affirm.

We reject Defendant-Appellant's argument that the trial court abused its discretion by denying Defendant-Appellant's motion to exclude Agent Sommercamp's testimony. The trial court did not commit error under *United States v. Curtin*, 489 F.3d 935, 957–58 (9th Cir. 2007) (en banc), because the FBI 302s at issue were not proffered or received as evidence. Additionally, "[i]ssues of credibility are to be resolved by the jury, not the trial court." *United States v. Evans*, 728 F.3d 953, 964 (9th Cir. 2013) (quoting *Rainey v. Conerly*, 973 F.2d 321, 326 (4th Cir. 1992)) (internal quotation marks omitted).

We likewise reject Defendant-Appellant's claim that Judge Garcia committed plain error by failing to recuse himself. Judge Garcia did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). At most, Judge Garcia's actions and comments were permissible "expressions of impatience, dissatisfaction, annoyance, and even anger." *Id.* at 555–56.

Finally, we reject Defendant-Appellant's claim that the trial court abused its discretion by denying Defendant-Appellant's motion for continuance of sentence

2

proceedings. Defendant-Appellant was not diligent in readying his defense prior to the date of sentencing; it is unlikely that the need for the continuance would have been met if the continuance had been granted; the continuance would have inconvenienced the trial court; and Defendant-Appellant was not prejudiced by the denial of the motion. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

**AFFIRMED**.